IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

DEFINITIVE RESOURCES, INC.

                                   :

     v.                          : Civil Action No. DKC 2005-3233

                                   :

UNITED STATES OF AMERICA

                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction.[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted.

**I.   Background**

On December 1, 2005, Plaintiff, Definitive Resources, Inc., filed a complaint with this court against Defendant, United States, ("the Government"), seeking a redetermination of taxes, penalties,

---

[1] Defendant's actual argument is that Plaintiff lacks the capacity to sue. Lack of capacity is not jurisdictional:

> Lack of capacity is generally not considered jurisdictional and is therefore waived if not specifically raised. *See* Fed.R.Civ.P. 9(a); 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1559, at 42 (2d ed. 1990).

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 936 (2nd Cir. 1998). Nevertheless, it should be raised by motion at the pleading stage.

and interest assessed against it by the Internal Revenue Service. Plaintiff asserted that the federal district court has jurisdiction over the case pursuant to 26 U.S.C. § 6330(d)(1)(B) (2000):

> (1) Judicial review of determination. -- The person may, within 30 days of a determination under this section, appeal such determination--
> (A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.
> If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

*Id.*[2]

The Government filed a motion to dismiss for lack of jurisdiction on March 3, 2006, asserting that Plaintiff lacks standing to bring this suit because, under applicable Maryland law, unchartered corporations do not have a right to sue and Plaintiff forfeited its charter in 1996.

Plaintiff raises an estoppel argument, asserting that because the Government has dealt with it as a corporation, it cannot now argue that Plaintiff lacks capacity to sue because it is not

---

[2]   26 U.S.C. § 6330(d)(1) was amended August 17, 2006: "(d) Proceeding after hearing.-- (1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."  The amendment applies to determinations made 60 days after the date of the enactment.  2006 Acts. Pub.L 109-280 § 855(b), 120 Stat. 1019 (Aug. 17, 2006).  The amended statute is not retroactive, and thus does not apply to this case.

properly incorporated.  Plaintiff also claims the Government waived its right to raise capacity as a defense "when it wrongly assessed the tax under the name Definitive Resources, Inc." (Paper 12, at 4).  Finally, Plaintiff suggests that a proper party may be substituted.

## II.   Standard of Review

"The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." Fed.R.Civ.P. 17(b).  The Government asserts, and Plaintiff does not deny, that Plaintiff was a corporation organized in Maryland, (paper 11, at 1), thus Maryland law will apply.[3]

## III. Analysis

In Maryland, "once a corporation's charter is revoked and forfeited, the corporation ceases to exist as a legal entity." *Scott v. Seek Lane Venture, Inc.*, 91 Md.App. 668, 686 (1992) (quoting *Atlantic Mill & Lumber Realty Co. v. Keefer*, 179 Md. 496, 499–500 (1941)).  Once a corporation's existence has been terminated, the defunct corporation can neither sue, nor be sued, either *in rem* or *in personam*.  *Id.*  Defendant submitted evidence

---

[3] Without explanation, Plaintiff "den[ies] emphatically" the "allegation that Maryland standing statutes apply" in this case. (Paper 12, at 3).  Plaintiff, however, does not deny that it was a Maryland corporation.  Further, Plaintiff listed an Ashton, Maryland address when it filed a federal tax return and a request for a collection due process hearing in 2004.  (Paper 13, Exs. A, B).

that Plaintiff forfeited its corporate charter on October 4, 1996.
(Paper 11, Ex. 101).

## A.  Corporate Estoppel

Plaintiff asserts that the doctrine of corporate estoppel
should apply because the Government has treated Plaintiff like a
corporation in its administrative proceedings.  (Paper 12, at 2).

> [Corporate] estoppel is based upon the ground
> that it would generally be inequitable to
> permit the corporate existence of an
> association to be denied by persons who have
> represented it to be a corporation, or held it
> out as a corporation, or by any persons who
> have recognized it as a corporation by dealing
> with it as such; and by the overwhelming
> weight of authority, therefore, a person may
> be estopped to deny the legal incorporation of
> an association which is not even a corporation
> de facto.

*Cardellino v. Comptroller of Treasury,* 68 Md.App. 332, 340 (1986)
(internal quotations omitted).

The party raising a corporate estoppel defense must have acted
in good faith.  *Hill v. County Concrete Co., Inc.*, 108 Md.App. 527,
537 (Md. Ct. Sp. App. 1996).  The plaintiff in *Hill* attempted to
incorporate under the name C & M Builders, Inc., but learned that
the name had been previously registered and was in use by another
entity.  *Id.* at 530.  In spite of this knowledge, the plaintiff
operated under that name and under the designation of an
incorporation for years, which the court deemed to be in bad faith.
*Id*. at 536.  The Court of Special Appeals of Maryland affirmed the

trial court's refusal to apply corporate estoppel based on the plaintiff's lack of good faith. *Id.* at 538.

Here, Plaintiff's president and owner, Bill Sapp, was aware that Plaintiff's corporate charter had been revoked. (Paper 13, Riveros Decl. ¶ 5). Nevertheless, Plaintiff continued to operate as a corporation and under the designation of an incorporation. *See* (Paper 13, Riveros Decl., Exs. A, B). Under Maryland law, it is bad faith to operate a business as a corporation knowing that it is not properly incorporated, and bad faith bars the defense of corporate estoppel. Thus, Plaintiff is barred from asserting corporate estoppel against the Government.

## B. Waiver

Plaintiff argues that Defendant waived the right to assert a capacity argument against Plaintiff by assessing the tax against "Definitive Resources, Inc.". (Paper 12, at 4). The Government should not be penalized for relying on erroneous information supplied to it by Plaintiff. *See, e.g., Barmes v. Internal Rev. Srvc.*, 116 F.Supp.2d 1007, 1012 (S.D.Ind. 2000) ("In making assessments, the IRS should be entitled to rely upon information that the taxpayer supplies in its return."). Similarly, Plaintiff should not be allowed to benefit from its own wrongdoing. Plaintiff may not gain access to the federal courts by resting its claim of capacity on misrepresentations it made to the Government regarding its corporate status.

The Government acted appropriately and timely in challenging Plaintiff's capacity to sue in its motion to dismiss.  When a party wishes to challenge the "legal existence of any party or the capacity of any party to sue or be sued" for jurisdictional purposes, it "shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."  Fed.R.Civ.P. 9(a).  The Government submitted supporting particulars in the form of a certificate from the Maryland Department of Assessments and Taxation testifying that Plaintiff forfeited its corporate charter in 1996 and a declaration from a Revenue Officer stating that Plaintiff's president and owner was aware of the charter forfeiture.  (Paper 11, Ex. 101; paper 13, Riveros Decl.).  Nor has there been any undue delay, as the Government has raised the capacity issue in its first responsive pleading.  Plaintiff's argument that the Government has waived its right to challenge Plaintiff's capacity fails.

### C. Substitution

As a final argument, Plaintiff asserts that the court could allow substitution or amendment of the proper party plaintiff, assuming that it cannot sue in the name of Definitive Resources, Inc.  Under Maryland law, the directors become trustees of the assets for purposes of liquidation when a charter is forfeited and may sue in their own names or in the name of the corporation.  Md. Code Ann., Corp. & Assoc., § 3-515.  *See, e.g., Weber v. General*

*Motors Corp.*, 2000 WL 1481647 (D.Md. 2000).  This power, however, is "intended only for the 'winding up' of a corporation's affairs." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163–64 (2004). Accordingly, "a trustee only may sue in the trustee's own name if there is a 'rational relationship' between the suit and a legitimate 'winding up' activity of the corporation." *Id.*  Under the circumstances, it does not appear that this action was brought as part of the "winding up" of the corporation's affairs.

## IV.  Conclusion

For the foregoing reasons, the Government's motion to dismiss will be granted because Plaintiff does not have the capacity to bring suit in this court.


                    _____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge